May it please the Court, Counsel, my name is David Berrari. I represent the appellant Robert Wolter. He asks that you vacate the judgment and remand for dismissal with prejudice either under the Speedy Trial Act or the Sixth Amendment. The district court incorrectly analyzed the Speedy Trial issues and erred in its denial of Wolter's motion to dismiss. Under the law of this circuit, it failed to account for the excess transportation time leading to a misapplication of the Speedy Trial Act. The Court simply did not apply Section 3161H1F regarding excess transportation. And as this Court said in McGee, that must be considered. It had a different name at that time, but it's now 3161H1F. The statute says that the transportation time to and from places of examination or hospitalization, that any time that's consumed in excess of ten days of an order of removal or an order directing such transportation, and then the defendant's arrival at the destination, which must mean the place of examination or hospitalization, that shall be presumed to be unreasonable. Under that statutory language, the orders are important. McGee looks at the order as the start of this period for counting. Here, the amended order was entered at the government's request on May 18th, 2021. Mr. Wolter arrived at the MDCLA September 10, 2021, which is 114 days later, not counting that final day. That's well in excess of the 70 days allowed by the Speedy Trial Act, even when we shave off the ten days that are allowed by Subsection H1F. So, Counselor, are you arguing that the waiting time while they're waiting for the competency evaluation is not excluded? The waiting time? He was not at the facility. And so that's still transportation time. He's in a layover period. Under the plain language of the statute, it says to and from the place of examination or hospitalization. And in all the cases we see, they're looking at it in terms of that. And even when this Court was discussing Vasquez, it said — let me just pull what McGee says about that. And tell us the other page number, too. Okay. So what I'm looking at, McGee page, let me find, 737, says, quote, the defendant did not reach the correctional facility for the psychiatric examination until June 18. And that's discussing Vasquez. But once he's there, if there was waiting time while they're waiting for the doctor, would that have been excludable? If he's at the facility? If he's in L.A. Excludable. Right. That's the other section that is the examination period. I think maybe the underlying idea is Congress is saying, look, if you move a person from A to B, there really aren't that many strange things that can happen, right? It's the same thing whoever the defendant is. But once you're in an examination period, some people take shorter, some people take longer, sometimes it's really complicated, sometimes it's not very complicated. But they exclude that time. And the Speedy Trial Act is to simplify these things. These are regularly occurring circumstances in a case that somebody is going to make motions, so that's excluded. They're going to be transported if they have an examination. Congress has said you get 10 days to move them from the order until they arrive. It's very simple. And as I was preparing, I was looking at the Tinklenburg concurring opinion where Justice Scalia talks about, look, these first six factors should be automatically applied. There's really not fact-finding involved. Because here's an order date, here's an arrival date. I don't have to find anything. It's when we get into these complications that the government is trying to suggest that, oh, well, he was 60 miles away, but that's close enough. That's not what the law says. That's not what any of the cases have said. There's no legal support for that position. Suppose they were branches of the same hospital. Now we have chain hospitals. Well, that would be the facility for examination. The law doesn't say facility. It says place. Place of examination or hospitalization. If he was hospitalized at a chain hospital, you'd have a different situation, because he's still hospitalized. Go ahead. He's not in a facility that is purely detention. Proceed. What about the ends of justice? There was some statement of the ends of justice in that, in the order. Maybe you're going to argue it was too distant and didn't make findings on this precise issue. Well, of course, he did not make any findings on that precise issue. And actually, in the order denying the motion to dismiss, he doesn't reference that section as the basis for excluding this period as he did to other periods in time. And moreover, that violates Zegner that he didn't make the findings. But even more importantly, they had this long colloquy about their concerns about how long this process was going to take, and that they were concerned that he was going to be without his legal materials, all of those things, that in hindsight, you can't just read this bare reference to the ends of justice to be a finding that, oh, we just get a free pass to the government to transport people around. Because that's not what they were talking about. Those weren't the issues the district court was concerned of. It was just the opposite. Suppose it was difficult. Suppose, you know, they got run off the road and they're in the middle of the desert. I don't know. Come up with your strange hypothetical. And he ultimately says, when presented with it, look, the ends of justice. These were extraordinary circumstances. You would agree that that would probably be fine. I think the better analysis would be for the government to prove that that was not unreasonable. And that's allowed for in the Speedy Trial Act. The government would come in and say, hey, look, the bus got ran off the road. They were detained. We just couldn't get him there. That's under that reasonableness, the presumption to be reasonable, not these good cause. And the way the government is suggesting that this ends of justice be applied would apply to everybody across the board. Because there's nothing unusual about Mr. McGee's transportation case or his request for an evaluation. There's nothing that distinguishes it from other cases that Congress has said, this is typical. And that's why they have that exclusion. I see I'm running into my rebuttal time. I would like to reserve the remainder. But we would ask that the Court reverse and find that this be dismissed with prejudice because the factors are so favorable under Tinklenburg. He served his sentence, his full five years. He's not had any violations. He has a prior felony. We're not bringing him back into a State where he can have firearms or any of those other civil rights. Here, justice requires dismissal with prejudice. A burden of a retrial on the government, on the court system, costs, the jury, inappropriate here. He served his time and should be dismissed with prejudice. I'd like to reserve the remainder of my time. Thank you. Roberts. Mr. O'Connick. Thank you, Your Honor. May it please the Court. Opposing counsel, Federal Defender Brewery. My name is Jonathan O'Connick, and I represent the United States, the appellee in this matter, from the District of North Dakota. The bottom line up front is that there was not a Speedy Trial Act violation, nor a Sixth Amendment, Barker v. Wingo, constitutional Speedy Trial violation. And that's because, as I note in three points that I put in the brief that I'd like to talk about more here today, there are three separate bases for this Court to affirm the district court's dismissal of the defendant's motion or motion to dismiss the Speedy Trial. In this particular case, we're looking at a situation where 3161H1 outlines several enumerated bases to toll or exclude time from the Speedy Trial Act. The United States' position is that those are all separate, distinct ways that you can toll the Act. If you file a pretrial motion, it tolls the Act. If you – if there's transportation, that tolls the Act. And in this particular case, 3161H1a, the competency examination provision, tolled the Speedy Trial Clock from the time of the filing of the motion for Speedy – or the motion for competency eval to the hearing on the competency proceeding. We'd also say that that's tolled as a pretrial motion. The second point that I'd ask the Court to consider is that even if 3161H1f, the transportation provision, is a specific exception only to 3161H1a, the competency examination provision, that still wouldn't exclude other bases like H7, which is a separate provision that tolls the Speedy Trial Act for an ends-of-justice continuance. And the district court cited to that in their motions – their orders continuing the trial. Do you think it was specific enough? I think there was a reference to it, as you mentioned, but I don't know that it specifically applied to the transportation time. Your Honor, I think it was in the fact of how the Court comes about making an ends-of-justice continuance. It must determine, even if it's own – just in its own mind – factors, and then later on has to, at some point, put them on the record. Our position is that at the status conference in, I believe, July, when Mr. Wolter returns from the competency examination, the Court put its findings on the record, as well as in its August judgment, continuing the trial from August to December and then January, but it's also making findings of why it would have continued it in May, initially, for why that trial needed to be continued, not just competency examination, but all of the things that go into it. I would note also that even if – assuming that 3161H1F, the transportation provision, is always an exception, we would say that in this particular case, McGee and the cases that come from that would demonstrate that transportation in this case was only until the defendant went to the facility in California, not the 120 days Mr. Wolter claims he waited. That is part of the proceedings. In McGee, the – this Court determined that the proceedings were encompassed when the defendant was filing a motion for competency evaluation. The district court issued an order. The marshal service, for some reason, did not get it, and the defendant in that case waits three months. This Court said that time waiting to travel was part of the proceedings. It was not transportation. Taking that same analysis, transportation ended when Mr. Wolter received the orders, flew down, ended in California, and in his own words, was waiting for space to open up. Even if it was 60 miles away, he's waiting for the facility. The purpose of the place of the examination. Correct. Your Honor, that is absolutely correct. It is not the place of the examination. But the intent of 3161H1F is to deter the U.S. Marshal Service to ensure that people aren't languishing in the transportation, not necessarily to punish mental health facilities or in areas where there might be bed space available. Had this been a situation where the defendant made it all the way to the facility but waited for 120 days at a separate wing of a hospital simply for a bed to open up, the practical consequences wouldn't be different, but the legal analysis would be. That's why we're asking this Court to determine that the proceedings, as stated in McGee, waiting for transportation to occur, in that case three months, is analogous to waiting for bed space to open up at the facility for the MDU. Now, we'd also state that we believe that if you look at McGee, specifically footnote number 2, that refers to McGee, even though McGee counts transportation time. We have Zivesky and Walker in 2016 that state that the entire provisions of the entire time was told from the filing of the speedy or, excuse me, from the filing of the competency examination motion. That told the Speedy Trial Act completely under 3161H1A. And footnote 2 in McGee, I think, gives us another basis for why each of these provisions under H1 are separate and distinct. It determined that, this Court determined that even had it not been excludable under 3161H1A, it would have been excludable as a motion because the defendant in that case tried to withdraw his competency motion. So if 3161A and 3161H1D, in this case the motions, are counted in McGee, they are separate and independent. So McGee, even though it counted transportation, it never specifically said you must always count transportation. And that might beg the question, well, wouldn't this make the entire provision of transportation under 3161H1F superfluous? What would it ever be used for? Well, there are times when the district court could be issuing an order for an individual to go through substance abuse treatment. You're being transported by the marshals to undergo a substance abuse evaluation. You're ordered to go to an out-of-state hospital to ensure that you get the required care you need. In that case, that 10-day presumed reasonable time would kick in for those cases. It didn't mean that 3161H1F is in some way an exception to any of these other rules. And I believe that Zivesky and Walker, which occurred after the McGee's case, believe that 3161H1A is, in fact, a time to exclude all portions of the speedy trial from the time of the filing of a motion for competency through the hearing. Suppose that somebody stops in Montana on the way and they sit there for three years. And you presumably would make the same argument, I think, that, you know, that he's sitting there because a bed hadn't opened up in L.A. yet. But doesn't that sort of violate the plain language of the Speedy Trial Act? Well, if you look at the Vasquez case in the Second Circuit, which McGee, this Court, kind of rested its holding upon, it demonstrates whether something is reasonable or unreasonable. That was how Vasquez held whether or not 3161H1A was told the entire time from filing of motion to proceeding. This Court determined that waiting for transportation to start because the marshal service didn't get an order or a defendant waited for three months, even that, whether it was reasonable or not, is not the consideration because that would still toll the Speedy Trial Act under 3161H1A as part of the proceeding, whether reasonable or not. So if it's part of the proceeding, it doesn't matter under this Circuit's precedent whether or not it's reasonable or not. So flat out, once you make that order, any time is excludable? Your Honor, we would state until the time of the hearing on the competency, yes, that is the United States' position on that point. Our second point would be, even assuming that 3161H1F, the transportation, is, in fact, an exception to H1A, the competency, that it doesn't prevent the Court from issuing an ends-of-justice continuance. Well, I agree with that. I'm just not sure the Court did, but go ahead. That seems to be a better argument to me. It seems to me otherwise you're reading 3161H1F out of the statute. Your Honor, for the same points I made earlier, we believe that there are other ways in which that statute could be used, whether it be transporting defendants from district to district or in a situation where they would be going undergoing other mental or medical examinations that weren't related to a competency evaluation. And I would also say, I think, finally, that when we're dealing with this transportation issue, I think it's important to note that there are other times where other circuits have determined that, for instance, the Romero case, the Ninth Circuit, they determined that when an individual under 3161H4, when someone was deemed incompetent, that that did not trigger 3161H1F, the transportation. They were saying that if somebody is deemed incompetent, that whether or not they were undergoing transportation to a facility back and forth was irrelevant, that, in fact, 3161H4 told the speedy trial clock. And so we believe that that gives this Court guidance to determine that, in fact, if somebody being held incompetent wouldn't trigger transportation to be applied, then why should it be applied in a situation where the defendant is undergoing transportation to a competency evaluation which is excluded under 3161H1A. And just to briefly state, in terms of the actual Barker v. Wingo analysis, I would just note that in this case, the length of the delay, although presumptively prejudicial, was mainly due to the defendant being arrested in New Jersey on separate charges. He was the individual that requested a competency eval, and he requested continuance, and in no way was he prejudiced. And so based upon that, we would ask this Court to affirm the district court's ruling that denied the defendant's motion to dismiss for speedy trial. Thank you for your argument, Mr. Beraghi. Very briefly, on the first point of the government that reads H1A to exclude the entire period of time, Judge Gratz, I believe you're correct, they read section — subsection F entirely out, inconsistent with statutory interpretation.    I believe that's correct. I believe that's correct. But at least with competency examinations, I do think that he makes a point that if you're transporting somebody from district to district, that that could apply there. That may apply there. But we're talking specifically about examination and hospitalization. And I'd also note the 1984 committee notes that I refer to on page 14, I believe, of my opening brief, that the understanding at the time was that's separate, that this time in transportation to a hospitalization is counted against a speedy trial act count. That was the original understanding. It's also the understanding in McGee where they count that time on his return trip and on the way there as well, but it just wasn't over 10 days. The ends of justice we spoke about earlier. There is nothing on the record justifying this. I believe the references and the fleeting references come out of the district court's misunderstanding and misapplication of H1A to exclude the entire period of time. That's part and parcel of the whole error that's occurring here. There's the government agrees that he was being placed, going to a place of examination. The reasonableness burden to prove that it's reasonable is on the government. The government never tried to make this proof. In addition, the government's argument about spending time in San Bernardino doesn't count, contradicts their position on the time spent in Oklahoma because they say that counts. Well, there's no distinction here. Congress made the distinction. The distinction is you get to the hospital. That's when the stopwatch stops. The Zavesky record is underdeveloped. We don't know exactly why it was there. Counsel, can I just ask you one question? Sure. Dismissal with versus without prejudice. He's already served his time. Does it actually matter in the end whether, I mean, I guess they could retry him, but that seems kind of silly. Well, I understand that they may choose to do that. And it serves absolutely no purpose for anyone involved except a win in the government's column. That isn't sufficient here. He served his time. He's doing well on release. There is no justice in that result. Thank you for the argument. Thank you.